UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT SIMMONS,

    Plaintiff,

v.

AARON DOLNEY et al.,

    Defendants.

Case No. 24-10363
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

## OPINION AND ORDER REMANDING CASE FOR LACK OF JURISDICTION

Herbert Simmons alleges he was injured when Aaron Dolney "los[t] control of his vehicle and caus[ed] a multiple vehicle crash." (ECF No. 1-1, PageID.10.) At the time, Dolney was driving Daniel Fisk's car. (*Id.*) Simmons says that his insurer, State Farm, has failed to pay all of his personal injury protection benefits. (*Id.* at PageID.15–16.) So Simmons filed a straightforward lawsuit in state court against Dolney and Fisk for negligence and against State Farm for violating the Michigan No-Fault Act. (*See generally id.*) In the count seeking PIP benefits, Simmons states, "*If Medicare or Medicaid wrongfully paid for any no-fault benefits that are related to the subject motor vehicle accident (claim)*, then Plaintiff claims those amounts wrongfully paid and double damages pursuant to 42 U.S.C. § 1395y, the Michigan No-Fault Automobile Insurance Act (MCL 500.3101, et seq.) and other laws." (ECF No. 1-1, PageID.16 (emphasis added).) Based on this one allegation, State Farm

removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1446(b)(3). (ECF No. 1.)

The Court was not convinced that federal question jurisdiction was proper, so it issued a show cause order instructing the parties to explain the basis for jurisdiction and whether Simmons had standing to bring a claim under the Medicare Secondary Payer Act. (ECF No. 6.) Given the information provided by the parties in response to that order (ECF Nos. 7, 8), the Court concludes that it lacks subject matter jurisdiction because Simmons does not have standing to bring a claim under the MSPA, the only federal statute State Farm cites to justify removal.

Because standing "goes to [the c]ourt's subject matter jurisdiction, it can be raised *sua sponte*." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). And "[e]ven when a defendant seeks disposition of the case on other grounds, the district court may dismiss for lack of standing." *Duncan v. Liberty Mut. Ins. Co.,* 854 F. App'x. 652, 663 (6th Cir. 2021) (citing *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). In the context of removal, "without subject matter jurisdiction, remand is mandatory—not within the court's discretion." *Andrews v. Hurley Bd. of Hosp. Managers*, No. 21-10156, 2021 WL 5176801, at *1 (E.D. Mich. Feb. 19, 2021).

As State Farm pointed out in its show cause response, "the Sixth Circuit explained that the MSPA does not establish standing for private plaintiffs who cannot show their own Article III standing." (ECF No. 7, PageID.40); *see also Duncan,* 854 F. App'x at 664 ("The MSPA is not a *qui tam* statute and private plaintiffs must demonstrate their own Article III standing to assert their claims."). To have standing, a private party must show they have "suffered an injury because a primary plan has failed to make a required payment to or on behalf" of the party. *Duncan*, 854 F. App'x at 664 (quoting *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 101 (2d Cir. 2009)).

While Simmons showed that he was a Medicare recipient and that Medicare paid benefits related to this accident, he has not shown that Medicare is seeking reimbursement of those costs from Simmons himself, nor that Medicare failed to pay any costs on his behalf. In fact, Simmons states he "has received a subrogation letter from [his] Medicare provider . . . . stat[ing] that [it] has provided various medical benefits, either directly or through other medical providers, to [Simmons] in connection with his injury," and that "Medicare has made conditional payments of charges" related to the accident, though he "does not know the exact amount of the payments made." (ECF No. 8, PageID.62.) Simmons' Medicare provider may have standing to seek reimbursement for those conditional payments, but Simmons cites no authority that he himself can recover from State Farm for medical payments that have already been covered by his Medicare. Indeed, Simmons does not dispute his present lack of standing under the MSPA. (*Id.*) As Simmons' conceded in his show

3

cause response, "Plaintiff does not know if there is a cause of action [under the MSPA] at this time and filed in state court for that very reason." (*Id.* at PageID.63.)

Without jurisdiction to hear the federal claim, the Court has no supplemental jurisdiction over Simmons' state law claims. State Farm did not remove based on diversity jurisdiction as the plaintiff and other two defendants are Michigan residents. (*See* ECF No. 1-1, PageID.9–10.) And supplemental jurisdiction can only exist if there is at least one claim over which the Court has original jurisdiction. So the Court must remand this case back to state court.

Accordingly, because this Court lacks subject matter jurisdiction, the case is REMANDED to the Washtenaw County Circuit Court.

SO ORDERED.

Dated: March 4, 2024

                                                    s/Laurie J. Michelson
                                                    LAURIE J. MICHELSON
                                                    UNITED STATES DISTRICT JUDGE